# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**EUGENE EDWARD ULRATH,**

    **Plaintiff,**

**vs.**                                    **Case No. 4:18cv216-WS/CAS**

**FLORIDA DEPARTMENT**
**OF CORRECTIONS,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    The pro se Plaintiff's amended complaint, ECF No. 21, has been reviewed and, because it is insufficient, Plaintiff has been required to file an amended complaint. During the past several weeks, Plaintiff has also filed three motions for emergency or preliminary injunctions. ECF Nos. 15, 18, and 26.

    In general, Plaintiff's motions do not demonstrate that a named Defendant has harmed him, or that he seeks protection from a Defendant in this case. That is true, in part, because Plaintiff's amended complaint did not specifically name any person who caused him harm. Instead,

Plaintiff's amended complaint was asserted generally against unidentified prison officials or against "all employees" of the Florida Department of Corrections. Furthermore, Plaintiff's amended complaint did not clearly assert an event or issue at one specific prison. Rather, Plaintiff appears to be complaining about numerous separate acts of physical force or sexual assault which may have occurred over the past fifteen years at several different prisons. That is insufficient, and Plaintiff has been required to file a second amended complaint.

An injunction cannot be issued against unidentified persons. Rule 65(d), which governs motions for a temporary restraining order or preliminary injunction, provides that orders granting motions for an injunction or restraining order is binding only on the parties to an action, their "officers, agents, servants, employees, and attorneys," or "other persons who are in active concert or participation with" them. FED. R. CIV. P. 65(d). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted). Here, it cannot be

determined *who* Plaintiff seeks protection from, nor is it clear who Plaintiff seeks to name as a Defendant. The motions are insufficient on that basis alone.

Moreover, preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

Because Plaintiff's complaint has been found insufficient to properly state a claim and Plaintiff has been required to submit an amended complaint, Plaintiff has not met the four prerequisites for injunctive relief. Therefore, the instant motions must be denied as Plaintiff has not demonstrated a substantial likelihood of success on the merits.

**RECOMMENDED**

It is respectfully **RECOMMENDED** that Plaintiff's motions for emergency or preliminary injunctions, ECF Nos. 15, 18, and 26, be **DENIED,** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 11, 2018.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**